## MARY MEDIROS vs. ROLAND ARTER.

JUNE 25, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

SWEETLAND, C. J.   When in the Superior Court the above entitled action was reached upon the trial calendar the defendant was called and defaulted. Judgment was not entered upon the default. Thereafter on motion of the defendant and after hearing a justice of that court removed the default and reinstated the case for trial upon conditions. The defendant offered to comply with the conditions but his offer was refused by the plaintiff's attorney.

. The plaintiff excepted to the action of the justice in removing the default and without proceeding in the case in the superior court has brought her exception to this court. The cause is before us at this time upon the defendant's motion that the plaintiff's bill of exceptions be dismissed on the ground that it was prematurely brought. With reference to the matter before us practice upon exceptions is governed by Section 24, Chapter 348, Gen. Laws, 1923,

which is as follows: "Sec. 24. Exceptions to decisions or rulings prior to trial shall be open to revision after the verdict or final decision on the merits, but so far only as it appears to the Supreme Court that the verdict or final decision was erroneously affected thereby." In this provision the court has seen the general intent of the statute that causes shall await a verdict or final decision on the merits in the Superior Court before they may be brought to this court for review upon a bill of exceptions. Practice in accordance with this view has been established by numerous decisions among which are the following: *McDonald* v. *Providence Telephone Co.,* 27 R. I. 595; *Ainley* v. *Ainley,* 29 R. I. 33; *Wilcox* v. *White,* 29 R. I. 448; *Sanitary Oyster &c. Co.* v. *Merwin,* 34 R. I. 381;. *Hicks* v. *Lee,* 37 R. I. 251; *Troy* v. *Providence Journal Co.,* 43 R. I. 22. A determination involving the same principle was made in *Chew* v. *Superior Court,* 43 R. I. 194.

In support of her position the plaintiff has cited to us *Fox* v. *Artesian Well and Supply Co.,* 34 R. I. 260 and *Nelen* v. *Wells,* 45 R. I. 424. They belong to a line of cases standing in a different position. In each of those cases a final judgment had been entered in the Superior Court, and this court reviewed upon a bill of exceptions action taken by the Superior Court after judgment. The statute makes no provision for the review by bill of exceptions of rulings of the Superior Court made after judgment. The respective parties aggrieved, being without remedy under the statute, this court acted under its general final revisory and appellate jurisdiction conferred by the constitution and by statute. The class of cases of which *Fox* v. *Artesian Well and Supply Co.* and *Nelen* v. *Wells* are examples has been passed upon recently in *Valentine* v. *Knox,* 45 R. I. 429.

The defendant's motion is granted. The case is remitted to the Superior Court for further proceedings.

*Cooney* v. *Cooney,* for plaintiff.

*Waterman & Greenlaw,* for defendant.